## S. A. BUSBY, Respondent, v. WILLIAM R. COMP-TON, Appellant.

### Kansas City Court of Appeals, May 8, 1905.

1. **LOAN BROKER: Retaining Loan: Interest.** A loan broker secured the money on a borrower's notes and nad it at the time a prior mortgage became due which the borrower had agreed to release. It was not released for several months, during which time the broker retained the loaned money. _ Held, that the broker who had become the assignee of the note was entitled to collect interest on the note for that time.

2. **MORTGAGE: Release of: Statutory Penalty.** A mortgage secured several notes owned by several parties. An action was brought against one of the holders to recover the penalty for failure to satisfy the mortgage on demand. Held, as the payee or his assignee only can enter satisfaction the defendant could only be required to satisfy his own note when paid, and held further defendant's note was not paid.

3. **LOAN BROKER: Commission: Contract: Evidence.** A contract between a loan broker and a borrower is found on the evidence not to have been changed as regards the commission of the broker.

Appeal from Grundy Circuit Court.—*Hon. P. C. Stepp,* Judge.

REVERSED.

*Dysart & Mitchell* and *Hall & Hall* for appellant.

(1) There was no evidence in this case to warrant a verdict for the plaintiff on the third count of plaintiff's petition. There was no pretense that the original contract between the plaintiff and defendant was changed and modified by the contract of March 27, 1902, except as to the method and time of payment. Taking these two contracts together, it is clear that the defendant had the right to retain the $200 out of the $8,000 loan, and hence

the plaintiff had no valid right to recover the said $200 as claimed by the plaintiff on the third count, and the court should have so instructed, as prayed by the defendant. (2) The two contracts read in evidence of January 9, 1902, and on March 27, 1902, were for the court to construe, and it was error for the court to submit the said documents to be construed and interpreted by the jury. And, therefore, the plaintiff's instructions numbered 8 and 9, given for plaintiff, were palpably erroneous. It is well settled, and the doctrine is elementary, that written documents are to be construed by the court and not by the jury. (3) Under the pleadings and the evidence the trial court had no right to find for plaintiff on the first count of the petition, and to enter judgment of full satisfaction of the said deed of trust. This is not a suit for the possession of the $4,100 note, nor for a judgment that said note is fully paid. This is a suit by one of the mortgagors against one of several assignees of notes secured by the mortgage for a judgment of full release of the said mortgage as shown by the prayer to the first count of plaintiff's petition. The other assignees of the notes described in the said mortgage and the *cestui que trust* to whom plaintiff himself says he paid a portion of these notes and interest coupons, are not made parties to this proceeding, and this defendant and the trial court had only the statement of the plaintiff, that such notes and coupons were ever paid. O'Reilly v. Miller, 52 Mo. 212. (4) This defendant had no relation whatever with, or knowledge of the first note falling due under the said $5,200 deed of trust. He had no information as to its payment except what plaintiff claimed. This defendant was not satisfied with that information, and in April of 1902, he wrote the plaintiff that if he had paid such notes and had them in his possession that he must take the same to the recorder and have the same cancelled and noted on the margin of the record. This he had a right to require. He had a right to *statutory knowledge,* not mere information. Henson v. Stever, 69 Mo. App. 139;

R. S. 1899, secs. 4358, 4363; Marsh v. Railroad, 104 Mo. App. 577, and cases cited.   (5)  The plaintiff fails to make a case against the defendant for the penalty under sec. 4363, R. S. 1899.  This statute giving a penalty is obviously penal in its nature and must be strictly construed.  It cannot be extended by implication.  Snow v. Bass, 174 Mo. 170; Crumbly v. Bardon, 70 Wis. 387; 2 Pingrey on Mortgages, p. 1319, sec. 1205; Jarratt v. McCabe, 75 Ala. 325; Jones on Mortgages, sec. 992.  In Snow v. Bass, supra, the court says: "Statutes imposing penalties such as that provided in sec. 4363, supra, must be strictly construed, and when one proceeded against falls not within the letter of its terms, the penalty is not enforcible." Marsh v. Railroad, 104, Mo. App. 577.  The defendant is not the assignee of the debt—the whole debt —secured by this deed of trust, but is the assignee only of a part thereof, and there is no claim that any notice was given to any one except this defendant.

*Hubbell Bros.* and *Harber & Knight* for respondent.

(1)  The substantive law of this case is settled by Henry v. Orear, 104 Mo. App. 570; Verges v. Giboney, 47 Mo. 171; Ewing v. Shelton, 34 Mo. 521; Campbell v. Seeley, 38 Mo. App. 302; Vallee v. Company, 27 Mo. 462; Dodson v. Clark, 49 Mo. App. 152.  (2)  A deed of trust is void after the payment of the debt secured by it.  McNair v. Picotte, 33 Mo. 71; Winn v. Ins. Co., 83 Mo. App. 123.  When a court of equity once acquires jurisdiction, it will grant complete relief.  Duvall v. Tinsley, 54 Mo. 95.

BROADDUS, P. J.—The plaintiff's petition is in three counts. In the first, he alleges that himself and wife Mary J. Busby, executed and delivered their deed of trust to a trustee for the New England Loan & Trust Company upon a certain tract of land situated in Grun-

dy county, Missouri, containing four hundred acres, to secure the payment to it of the sum of $5,200, said sum being represented by notes to said company as follows, viz: One for $200; three for $300 each and one for $4,100. Plaintiff alleges that he paid the $200 note to said loan and trust company and the three several notes for three hundred dollars each to said company, or its assigns; and that the defendant is the assignee of the $4,100 note, and that he has also paid it in full. He asks that said deed of trust be cancelled and that the lien on his land be released. The answer practically admits that all the notes described in said first count are paid off except the $4,100 note held by defendant, on which he claims there is $42 still due.

The court upon a hearing entered a decree cancelling the deed of trust mentioned and releasing the land from all claims purporting to be evidenced by said deed of trust. The plaintiff swore that he had paid all of said notes, except the one held by the defendant, and had them in his possession, but he did not produce them in court. He did not have them satisfied on the record as provided by section 4538, Revised Statutes 1899. It appeared in the evidence that all of the note for $4,100 held by defendant had been paid except $42.23 which he claims was due him for interest, less a credit for some small matters, leaving his claim of the amount still due on his note as interest in the sum of $38.38.

The claim originated in the following manner: On the 26th day of March, 1902, the plaintiff applied in writing to the defendant, a loan broker, to obtain for him a loan of $8,000 to be secured by deed of trust upon plaintiff's said farm. On the same day plaintiff and wife conveyed said land to a trustee to secure the payment of said sum of $8,000 which was represented by several notes due at different times bearing five per cent interest and payable to the defendant. At the same time another deed of trust was executed conveying the said land to a trustee to secure the payment of the sum of $205. Prior,

however, to the date of said application and deeds of trust, to-wit, the 9th day of January, 1902, plaintiff entered into a written contract whereby he agreed if defendant procured a loan for him of $8,000 it should bear five and one-half per cent interest. The sum of $200 represents just the amount of interest that would accrue on $8,000 in five years, the length of the time of the loan. It was however explained that five dollars in the way of expense was added, which makes the amount of $205 secured by the second deed of trust.

There was no dispute that the loan was obtained by plaintiff with the understanding that it was for the purpose of enabling him to discharge all existing incumbrances on his farm. There was at that time two deeds of trust upon the farm, the one first mentioned for $5,200, and another for $3,600 with accumulated interest. In April following the loan matured—that is, the money was obtained—at which time it was ascertained that the sum of $8,000 would not be sufficient to discharge both of said deeds of trust; therefore, the money in the hands of the defendant was retained by him until plaintiff secured enough money in addition to what was on hands to discharge in full both said deeds of trust. The plaintiff obtained the further sum of $1,000 from another party, which made up the deficiency, and the said $3,600 incumbrance was paid off and satisfied and satisfaction entered on the records on the 3rd day of June of said year. The defendant retained of the sum of $8,000 in his hands $42 which he claims was due him for interest on his said note of $4,100 from date of the maturing of the loan in April until the date of the satisfaction of the $3,600 deed of trust on the 3rd day of June. The plaintiff contends that he should have applied funds in his hands in April to the payment of his own note.

We are of the opinion that defendant's position is supported by the foregoing facts. In order to protect himself against the deed of trust which, in point of time, was prior to his deed of trust to secure the $8,000, he had

the right to withhold the amount due on his own note—in fact, the whole amount—until said prior deed of trust was satisfied, as it was the understanding that all prior incumbrances should be discharged and thus his loan become a first lien on the land. The court was not, therefore, authorized to cancel said deed of trust until defendant's lien was entirely discharged.

Defendant's other objection to the finding and decree on said first count by reason of what we have already said becomes unimportant and will not be determined.

In the second count of his petition plaintiff alleges that he paid said $4,100 note in full to the defendant thirty days before the bringing of this suit and thirty days prior thereto he tendered to defendant $2 necessary cost to enable him to satisfy said deed of trust on the margin of the records or to deliver to plaintiff a sufficient deed of release to the same; and that defendant has failed and refused to release said deed of trust as required. He asks for judgment against defendant for $100 special damages and $410 the statutory penalty. The jury returned a verdict in his favor for $300.

The verdict and judgment ought not to stand. Had defendant been the owner of all the notes secured by said deed of trust and proof that all of them had been paid, the judgment would have been right. But he was not such owner. He was the owner of one of them, they being five in number. Under such circumstances he was not authorized to discharge the lien created by the deed of trust, even though all the notes had been paid. Only the payee or his assignee, under the statute, was authorized to enter satisfaction or give a release. He could only be required to enter satisfaction of his own note when paid. The finding was wrong for the further reason, as it has already been shown, that the defendant's note was not fully paid.

The third count of the petition alleges that defendant retained $200 of said $8,000, for which he asks judg-

ment. Defendant admits that he retained the sum of $200, but that he was entitled to it as his commission for obtaining the loan. Under his written contract with plaintiff he was to have a commission of $200 for obtaining the loan. It is plainly and unmistakably provided for in said contract. But plaintiff claims that there was a change in the contract in that respect. But we do not find from the evidence that there was any change in that respect. The only change in the transaction was as to time of payment of some part of the loan. Plaintiff introduced no evidence to overturn the written contract. He admitted that he signed after having read it, but that he has no remembrance that it contained any provision for a commission. That was all that he was able to state in order to overturn a plain condition of said contract. This was not sufficient. And it is not very probable that defendant would have agreed to have obtained the loan as a broker without compensation. We, therefore, hold that the finding for plaintiff on the third count was unauthorized.

The cause is reversed. All concur.